IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| HARRY E. DAVIS, JR., | ) | CASE NO. 4:10CV3152 |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | MEMORANDUM |
| | ) | AND ORDER |
| STATE OF NEBRASKA, | ) | |
| | ) | |
| Respondent. | ) | |

This matter is before the court on Respondent's Motion for Summary Judgment. (Filing No. 8.) In support of its Motion, Respondent filed a Brief (Filing No. 9) and State Court Records (Filing No. 7). Petitioner did not file a response to the Motion. (*See* Docket Sheet.) As set forth below, the Motion for Summary Judgment is granted.

Liberally construing the allegations of Petitioner Harry E. Davis Jr.'s ("Davis") Petition for Writ of Habeas Corpus ("Petition"), he argues that he is entitled to a writ of habeas corpus because:

Claim One: Davis was denied due process of law and the effective assistance of counsel in violation of the Sixth and Fourteenth Amendments because his trial counsel "was not doing a good job" in defending him because he pled no contest even though he is actually innocent of "a crime" that he did not commit.

Claim Two: Davis was denied due process and equal protection of the laws in violation of the Fourteenth Amendment because the alleged victim willingly engaged in sexual relations with Davis and investigators "forced [her] to lie" and claim that Davis sexually assaulted her.

(Filing No. 1 (together, the "Habeas Claims").)

**BACKGROUND**

On October 13, 2009, Davis pled no contest to one count of attempted first degree sexual assault and one count of tampering with a witness. (Filing No. 7-9, Attach. 9, at

CM/ECF pp. 20-21, 24.) The Lancaster County, Nebraska District Court thereafter sentenced Davis to serve a prison term of 20 to 20 years on the attempted first degree sexual assault conviction and 20 months to five years on the tampering with a witness conviction. (Filing No. 7-3, Attach. 3, at CM/ECF pp. 21-22; Filing No. 7-4, Attach. 4, at CM/ECF pp. 23-24.) Davis filed a timely direct appeal arguing only that the sentence imposed was excessive. (Filing No. 7-5, Attach. 5, at CM/ECF pp. 1-20.) The Nebraska Court of Appeals summarily affirmed the convictions and sentences on April 9, 2010. (Filing No. 7-1, Attach. 1, at CM/ECF p. 2.) Davis did not seek further review in the Nebraska Supreme Court and the mandate issued on May 13, 2010. (*Id.*) Davis took no further action in the Nebraska state courts and instead filed his Petition in this court on August 5, 2010. (Filing No. 1.)

## *ANALYSIS*

Respondent argues that Davis has not presented his Habeas Claims to a Nebraska state court and, as such, all claims raised in the Petition are unexhausted and the Petition must be dismissed. The court agrees. As set forth in 28 U.S.C. § 2254(b)(1):

(1)  An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that–

   (A)  the applicant has exhausted the remedies available in the courts of the State; or

   (B)  (I)  there is an absence of available State corrective process; or
       (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

28 U.S.C. § 2254(b)(1)

The United States Supreme Court has explained the habeas exhaustion requirement as follows:

> Because the exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts . . . state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process.

O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999). A state prisoner must therefore "fairly present" the substance of each federal constitutional claim to the state courts *before* seeking federal habeas relief. Id. at 844. In Nebraska, "one complete round" ordinarily means that each § 2254 claim must have been presented in an appeal to the Nebraska Court of Appeals, and then in a petition for further review to the Nebraska Supreme Court if the Court of Appeals rules against the petitioner. See Akins v. Kenney, 410 F.3d 451, 454-55 (8th Cir. 2005).

As set forth above, Davis did not raise either of the Habeas Claims in his direct appeal. (Filing No. 7-5, Attach. 5, at CM/ECF pp. 1-20.) Moreover, Davis has not yet filed a motion seeking post-conviction relief in the Nebraska state courts and therefore has not raised his Habeas Claims in any state post-conviction proceeding. (Filing No. 7.) In short, Davis has not subjected either of his Habeas Claims to "one complete round" of state-court review and this court may not review the Habeas Claims until Davis does so. In light of this, the Motion for Summary Judgment is granted and the Petition is dismissed in its entirety.[1] The court warns Davis that the statute of limitations for filing a second petition

---

[1] To be clear, the Petition is dismissed because the claims are premature, or "unripe." The court makes no finding on the merits of the Petition and a subsequent petition raising these claims should not be considered "successive" based on this Memorandum and Order. See Singleton v. Norris, 319 F.3d 1018, 1023 (8th Cir. 2003) (noting that "[a] claim raised in a prior petition that was dismissed as unripe" is not considered successive).

3

after he exhausts his Habeas Claims in state court is narrow. Davis should read and comply with the relevant statute of limitations. *See* 28 U.S.C. § 2244(d)(1-2).

IT IS THEREFORE ORDERED that:

1. Respondent's Motion for Summary Judgment (Filing No. 8) is granted, and the Petition is dismissed without prejudice; and

2. A separate judgment will be entered in accordance with this Memorandum and Order.

DATED this 13th day of January, 2011.

BY THE COURT:


s/Laurie Smith Camp
United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.